# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re:  §
        §
ROGANOVIC, SIMONA Z    §    Case No. 13-22613
        §
_____Debtor(s)_____  §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/BARRY A. CHATZ_____
                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| | |
|---|---|
| Case No: 13-22613   PSH   Judge: PAMELA S. HOLLIS | Trustee Name: BARRY A. CHATZ |
| Case Name: ROGANOVIC, SIMONA Z | Date Filed (f) or Converted (c): 05/30/13 (f) |
| | 341(a) Meeting Date: 07/24/13 |
| For Period Ending: 11/20/14 | Claims Bar Date: 12/12/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. REAL PROPERTY<br>1560 N SANDBURG TERRACE, #305<br>CHICAGO, IL 60610<br>(AISE ZISSU ON DEED - DEBTOR DOES NOT OWN AND IS ONLY ON NOTE) | 115,000.00 | 0.00 | | 0.00 | FA |
| 2. REAL PROPERTY<br>RESIDENCE - 5751 N DRAKE, CHICAGO, IL | 390,000.00 | 0.00 | | 0.00 | FA |
| 3. REAL PROPERTY<br>6249 N KARLOV<br>CHICAGO, IL<br><br>(IN FORECLOSURE) | 220,000.00 | 0.00 | | 0.00 | FA |
| 4. BANK ACCOUNTS<br>CHASE BANK CHECKING | 500.00 | 0.00 | | 0.00 | FA |
| 5. HOUSEHOLD GOODS<br>HOUSEHOLD GOODS | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. CLOTHING<br>CLOTHES | 150.00 | 0.00 | | 0.00 | FA |
| 7. JEWELRY<br>MISC. JEWELRY | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. VEHICLES<br>2000 AUDI A6 (165,000 MILES) | 2,500.00 | 0.00 | | 0.00 | FA |
| 9. PREFERENCE SETTLEMENT (u)<br>FRAUDULENT CONVEYANCE OF INTEREST IN LLC AND PARCEL OF REAL PROPERTY | 0.00 | 20,000.00 | | 20,000.00 | FA |

Gross Value of Remaining Assets

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 13-22613 PSH Judge: PAMELA S. HOLLIS | Trustee Name: | BARRY A. CHATZ |
| --- | --- | --- | --- |
| Case Name: | ROGANOVIC, SIMONA Z | Date Filed (f) or Converted (c): | 05/30/13 (f) |
| | | 341(a) Meeting Date: | 07/24/13 |
| | | Claims Bar Date: | 12/12/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $730,150.00 | $20,000.00 | | $20,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TRUSTEE'S HAS REACHED SETTTLEMENT WITH DEBTOR'S FATHER TO SETTLE PREFERENCE ACTION FOR $20,000

Initial Projected Date of Final Report (TFR): 12/31/14     Current Projected Date of Final Report (TFR): 12/31/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 13-22613 | Trustee Name: | BARRY A. CHATZ |
| Case Name: | ROGANOVIC, SIMONA Z | Bank Name: | BANK OF NEW YORK MELLON |
| | | Account Number / CD #: | *******9602 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******1474 | | |
| For Period Ending: | 11/20/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/23/14 | 9 | Aise Zissu<br>6249 N. Karlov Avenue<br>Chicago, IL 60646-5105 | PREFERENCE SETTLEMENT | 1241-000 | 5,000.00 | | 5,000.00 |
| 10/07/14 | | BANK OF NEW YORK MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,990.00 |
| 11/07/14 | | BANK OF NEW YORK MELLON | BANK SERVICE FEE | 2600-000 | | 10.00 | 4,980.00 |
| 11/11/14 | 9 | JOHNSON LEGAL GROUP LLC IOLTA<br>39 S. LASALLE STREET, SUITE 820<br>CHICAGO, IL 60603 | PREFERENCE SETTLEMENT | 1241-000 | 15,000.00 | | 19,980.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 20,000.00 | 20.00 | 19,980.00 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 20,000.00 | 20.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 20,000.00 | 20.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********9602) | 20,000.00 | 20.00 | 19,980.00 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 20,000.00 | 20.00 | 19,980.00 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals   20,000.00   20.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: November 20, 2014 |
|---|---|---|---|---|---|---|
| Case Number: 13-22613<br>Debtor Name: ROGANOVIC, SIMONA Z | | Claim Class Sequence | | | | |
| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
| 000011A<br>001<br>3210-00 | FrankGecker LLP<br>325 North LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $0.00 | $8,184.50 | $8,184.50 |
| 000011B<br>001<br>3220-00 | FrankGecker LLP<br>325 North LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $0.00 | $69.31 | $69.31 |
| 000012A<br>001<br>2100-00 | Barry A. Chatz, Trustee<br>120 South Riverside Plaza<br>Suite 1200<br>Chicago, IL 60606 | Administrative | | $0.00 | $2,750.00 | $2,750.00 |
| 000012B<br>001<br>2200-00 | Barry A. Chatz, Trustee<br>120 South Riverside Plaza<br>Suite 1200<br>Chicago, IL 60606 | Administrative | | $0.00 | $79.69 | $79.69 |
| 000001<br>070<br>7100-00 | ATLAS ACQUISITIONS LLC<br>(WORLD FINANCIAL NETWORK)<br>294 UNION ST.<br>HACKENSACK, NJ 07601 | Unsecured | | $0.00 | $2,765.63 | $2,765.63 |
| 000002<br>070<br>7100-00 | RJM ACQUISITIONS LLC<br>575 UNDERHILL BLVD, SUITE 224<br>SYOSSET, NY 11791 | Unsecured | | $0.00 | $159.95 | $159.95 |
| 000003<br>070<br>7100-00 | AMERICAN<br>INFOSOURCE-MIDLAND FUNDING<br>PO BOX 268941<br>OKLAHOMA CITY, OK 73126-8941 | Unsecured | | $0.00 | $768.99 | $768.99 |
| 000004<br>070<br>7100-00 | AMERICAN<br>INFOSOURCE-MIDLAND FUNDING<br>PO BOX 268941<br>OKLAHOMA CITY, OK 73126-8941 | Unsecured | | $0.00 | $2,839.06 | $2,839.06 |
| 000005<br>070<br>7100-00 | ASSET ACCEPTANCE LLC<br>ASSIGNEE GEMB/<br>CARE CREDIT DENTAL<br>PO BOX 2036<br>WARREN, MI 48090 | Unsecured | | $0.00 | $6,000.27 | $6,000.27 |
| 000006<br>070<br>7100-00 | NELNET ON BEHALF OF US DEPT OF EDUCATION<br>U.S. DEPT OF EDUCATION<br>3015 SOUTH PARKER ROAD SUITE 400<br>AURORA CO 80014 | Unsecured | | $0.00 | $39,268.82 | $39,268.82 |

Page 2

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: November 20, 2014

Case Number: 13-22613
Debtor Name: ROGANOVIC, SIMONA Z

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000007 070 7100-00 | CAVALRY SPV II, LLC 500 SUMMIT LAKE DRIVE, STE 400 VALHALLA, NY 10595 | Unsecured | | $0.00 | $4,964.46 | $4,964.46 |
| 000008 070 7100-00 | AMERICAN EXPRESS CENTURION BANK C O BECKET AND LEE LLP POB 3001 MALVERN, PA 19355-0701 | Unsecured | | $0.00 | $2,675.99 | $2,675.99 |
| 000009 070 7100-00 | NORTHBROOK BANK & TRUST COMPANY SUCCESSOR TO RAVENSWOOD BANK C/O CROWLEY & LAMB, P.C. 221 N. LASALLE ST., SUITE 1550 CHICAGO, IL 60601 | Unsecured | | $0.00 | $629,494.29 | $629,494.29 |
| 000010 050 4110-00 | PAVEL & AISE ZISSU 6259 N. KARLOV CHICAGO, IL 60646 | Secured | | $0.00 | $51,166.00 | $51,166.00 |
| | Case Totals: | | | $0.00 | $751,186.96 | $751,186.96 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-22613
Case Name: ROGANOVIC, SIMONA Z
Trustee Name: BARRY A. CHATZ

    Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BARRY A. CHATZ | $ | $ | $ |
| Trustee Expenses: BARRY A. CHATZ | $ | $ | $ |
| Attorney for Trustee Fees: FrankGecker LLP | $ | $ | $ |
| Other: FrankGecker LLP | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ____ percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | ATLAS ACQUISITIONS LLC | $ | $ | $ |
| 000002 | RJM ACQUISITIONS LLC | $ | $ | $ |
| 000003 | AMERICAN INFOSOURCE-MIDLAND FUNDING | $ | $ | $ |
| 000004 | AMERICAN INFOSOURCE-MIDLAND FUNDING | $ | $ | $ |
| 000005 | ASSET ACCEPTANCE LLC ASSIGNEE GEMB/ | $ | $ | $ |
| 000006 | NELNET ON BEHALF OF US DEPT OF EDUCATION | $ | $ | $ |
| 000007 | CAVALRY SPV II, LLC | $ | $ | $ |
| 000008 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |
| 000009 | NORTHBROOK BANK & TRUST COMPANY | $ | $ | $ |

    Total to be paid to timely general unsecured creditors     $_____

    Remaining Balance     $_____

      Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE