## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 13 B 22613 |
| | ) |
| SIMONA Z. ROGANOVIC, | ) Chapter 7 |
| | ) |
| Debtor. | ) Honorable Pamela S. Hollis |
| | ) |
| | ) Hearing Date:  January 13, 2015 |
| | ) Hearing Time:  10:30 a.m. |
| | ) Room No.:       644 |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **December 16, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis, in her usual Courtroom No. 644 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **First and Final Application of FrankGecker LLP as Counsel to Barry A. Chatz, Chapter 7 Trustee of the Bankruptcy Estate of SIMONA Z. ROGANOVIC, for Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and hereby served upon you.

Respectfully submitted,

FRANKGECKER LLP

By:___/s/ *Reed Heiligman*___
One of his attorneys

Reed Heiligman (IL Bar No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035
rheiligman@fgllp.com

{CHATZ/010/00040622.DOC/}}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13 B 22613 |
| | ) | |
| SIMONA Z. ROGANOVIC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

### FIRST AND FINAL APPLICATION OF FRANKGECKER LLP FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO BARRY A. CHATZ, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SIMONA Z. ROGANOVIC

FrankGecker LLP ("FG"), counsel to Barry A. Chatz, the Chapter 7 Trustee of the estate of Simona Z. Roganovic (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $8,184.50 for legal services performed as counsel to the Trustee during the period of August 30, 2013 through and including October 31, 2014 (the "Application Period") and reimbursement of expenses totaling $69.31 incurred in connection with those services. In support of the Application, FG respectfully represents as follows:

### BACKGROUND

1. On May 30, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Barry A. Chatz ("Trustee") is the duly appointed and qualified Chapter 7 Trustee.

3. On September 17, 2013, this Court entered an order authorizing the Trustee to retain FG as his bankruptcy counsel, retroactive to August 30, 2013 [Docket No. 24].

4. To date, FG has not been awarded and has not received any compensation and reimbursement of expenses.

5. Prior to the Petition Date, the Debtor transferred her interest in an Illinois limited liability company and title to real property owned by the Debtor (collectively, the "Transferred Assets") to her parents, Aise Zissu and Pavel Zissu (collectively, the "Zissus"). The value of the Transferred Assets is approximately $110,000.

6. After reviewing documents received in connection with discovery pursuant to Fed.R.Bankr.P. 2004, FG determined that the transfers of the Transferred Assets might constitute actual and/or constructive fraudulent transfers, subject to avoidance and recovery pursuant 11 U.S.C. §§ 544, 548 and 550. Accordingly, the Trustee made a demand on the Zissus for the return of the Transferred Assets or the proceeds or value thereof.

7. After further investigating the value of the potential causes of action against the Zissus, including the cost, risk and uncertainty of litigation, FG negotiated a settlement with the Zissus and obtained approval from the Court to settle the matter for $20,000.00. The Zissus also agreed to withdraw and waive any claims they may have against the Debtor's estate, including Claim No. 10 filed by the Zissus, a purported secured claim in the amount of $51,166, and any claim arising under 11 U.S.C. § 502(h).

8. Because of the time spent on obtaining and examining documents requested from the Debtor and the limited funds in this Case, <u>FG has voluntarily written off $4,401.50 of its fees</u> in order to allow a greater distribution to the claimants in this Case, and will seek no fees for time spent on this case after October 31, 2014, including such time spent prosecuting this fee application.

9. This Application seeks allowance of all fees and expenses incurred by FG from August 30, 2013 through and including October 31, 2014. To aid the Court in its review of this

Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, FG, and actions taken and results obtained by FG. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.    SERVICES PERFORMED**

**A.    Administrative Matters**                                                                                              **$725.00**

FrankGecker spent **2.50 hours** at a cost of **$725.00** on issues relating to the administration of the bankruptcy case, including preparing and filing the trustee's motion to extend time to object to Debtors' discharge, and communications with secured claimant Deutsche Bank regarding its motion for relief from stay.

**B.    Asset Investigation and Analysis**                                                                         **$2,151.00**

FG spent **5.90 hours** at a cost of **$2,151.00** during the Application Period on issues relating to the review and analysis of documents produced by the Debtor, including preparing and filing the Trustee's motions for Rule 2004 examinations of Simona Z. Roganovic and the Zissus and communications with a real estate broker regarding real property previously owned by the Debtor.

**C.    Court Appearances**                                                                                                  **$1,165.00**

FG spent **4.00 hours** at a cost of **$1,165.00** on issues relating to appearing at court hearings with regard to the Trustee's motion to retain counsel and an accountant, the Trustee's motion to extend time to object to discharge, Deutsche Bank's motion for relief from stay, and the Trustee's motion to approve his compromise with the Zissus.

| | | |
|---|---|---:|
| **D.** | **Fee and Retention Applications** | **$0.00** |

FG has voluntarily written off all time spent on the preparation and filing of its motion to employ and this final fee application, including Trustee's motion to employ accountant, in order to allow a greater distribution to the claimants in this Case.

| | | |
|---|---|---:|
| **D.** | **Settlement** | **$4,143.50** |

FG spent **9.30 hours** at a cost of **$4,143.50** on issues relating to the negotiation, preparation and filing of the Trustee's motion to approve compromise, which generated $20,000.00 for the estate.

## II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Joseph D. Frank (JDF) is a partner at FG. Mr. Frank graduated from the University of Chicago Law School in 1993 with honors. Mr. Frank specializes in bankruptcy law and litigation and workouts, and has represented trustees, debtors, committees and creditors in bankruptcy cases throughout the country. Mr. Frank has supervised other attorneys at FG with respect to all issues in the case.

Reed Heiligman (RH) is an associate at FG. Mr. Heiligman graduated from the John Marshall Law School in 2007 where he served as the Managing Editor of the John Marshall Law Review. Mr. Heiligman has handled day-to-day issues with respect to all matters in the case.

## III.    CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from August 30, 2013 through and including October 31, 2014. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the

sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of 21.70 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $8,184.50 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $377.17. In addition, FG has expended the sum of $69.31 for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off $4,401.50 of its fees in order to allow a greater distribution to the claimants in this Case, and will seek no fees for time spent on this case after October 31, 2014, including such time spent prosecuting this fee application. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $8,184.50;

B.  Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $69.31; and

C.  Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of $8,253.81.

> Respectfully submitted,
>
> FRANKGECKER LLP
>
> By:  /s/ Reed Heiligman
>      One of its attorneys

Joseph D. Frank (IL No. 6216085)
Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:  (312) 276-1400
Facsimile:  (312) 276-0035
jfrank@fgllp.com
rheiligman@fgllp.com

## CERTIFICATE OF SERVICE

I, Reed Heiligman, an attorney, state that on **December 5, 2014**, a copy of the foregoing **First and Final Application of FrankGecker LLP as Counsel to Barry A. Chatz, Chapter 7 Trustee of the Bankruptcy Estate of SIMONA Z. ROGANOVIC, for Compensation and Reimbursement of Expenses** was filed electronically. Notice of this filing will be sent to all parties on the Court's Electronic Mail Notice List by operation of the Court's CM/ECF system.

By:  /s/ *Reed Heiligman*

# Case 13-22613

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ross T Brand    rbrand@fisherandshapirolaw.com, bknotice@klueverplatt.com
- Barry A Chatz    bachatz@arnstein.com, bchatz@ecf.epiqsystems.com;jbmedziak@arnstein.com;blsutton@arnstein.com;irsiabc@aol.com
- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Jennifer E Frick    jfrick@crowleylamb.com, luribe@crowleylamb.com;docket@crowleylamb.com
- Reed A Heiligman    rheiligman@fgllp.com, ccarpenter@fgllp.com
- William J. Hurley    whurley@crowleylamb.com, dgrech@crowleylamb.com;docket@crowleylamb.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Francis J. Pendergast    fpendergast@crowleylamb.com, ibenavides@crowleylamb.com;docket@crowleylamb.com
- Daniel J Winter    djw@dwinterlaw.com, djwlaw@gmail.com,r.m.engelmann@gmail.com,lgdanwinter@gmail.com,kasiadanwinter@gmail.com